# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ORLANDO CENTER FOR JUSTICE <br><br> Plaintiff, <br><br> v. <br><br> ANTOINE McCORD, Director, Office of Biometric Identity Management; PAM BONDI, Attorney General of the United States. <br><br> Defendant. | Case No.:_____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure from the Office of Biometric Identity Management ("OBIM" or "Defendant") of records pertaining to Mr. Lorenzo Fabian Calderon ("Mr. Calderon"), a Mexican national married to a U.S. Citizen and the beneficiary of an approved Petition for Alien Relative. Plaintiff Orlando Center for Justice ("OCJ" or "Plaintiff") represents Mr. Calderon.

2. Mr. Calderon authorized OCJ to seek records regarding his biometrics. OCJ

1

filed a FOIA request for these records on July 17, 2025, that is more than 5 months ago. On August 25, 2025 OCJ submitted an inquiry regarding the status of the request and on August 26, 2025 OCJ submitted an expedite request due to a "compelling need." However, to date, OBIM has failed to produce any documents or information in response to the FOIA request, in violation of the FOIA statute.

3. OCJ now seeks declaratory, injunctive, and other appropriate relief to compel the prompt production of agency records.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiff under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

5. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is within the Middle District of Florida. For the same reason, venue is proper under 28 U.S.C. § 1391(e)(1)(C).

6. Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

7. Injunctive relief is appropriate under 28 U.S.C § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Plaintiff OCJ is a 501(c)(3) non profit organization that provides pro bono and

low-bono legal services to underserved immigrant children and low-income families. OCJ is located in Orlando, FL.

9. Defendant Antoine McCord is the Director Office of Biometric Identity Management, Department of Homeland Security. Mr. McCord is the custodian of the records requested and is sued in his official capacity.

10. Defendant Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice. She is sued in her official capacity

## **LEGAL FRAMEWORK**

11. The FOIA Statute, 5 U.S.C. § 552, requires federal agencies to release records upon request to the public, except those protected from disclosure by one or more statutory exemptions.

12. An agency must respond to a FOIA request within twenty (20) working days after receipt of the request. The agency must notify the requester of the agency's determination whether to comply with such request, and provide the scope of documents it will produce, exemptions it will claim (if any), and reasons for its determination. It also must inform the requester of the right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). See also Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n, 711 F.3d 180, 182-83 (D.C. Cir. 2013).

13. Similarly, an agency must make a determination with respect to a FOIA appeal within twenty working days after receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

14. In "unusual circumstances," an agency may extend its time to respond to a FOIA request or appeal by up to ten working days. 5 U.S.C. § 552(a)(6)(B).

15. A FOIA requester is "deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

16. In *Gyetvay v. United States Department of Justice*, No. 2:22-cv-571-JLB-KCD, 2024 U.S. Dist. LEXIS 97677, at *3, 2024 WL 2740336 (M.D. Fla. 2024), the Court explained that the Freedom of Information Act ("FOIA") generally requires agencies to respond to a request within twenty days. See 5 U.S.C. § 552(a)(6)(A). Once a FOIA lawsuit is filed, however, the statute permits a court to retain jurisdiction and grant the agency additional time to complete its review of records if the Government demonstrates that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request. Id. § 552(a)(6)(C). FOIA statute further clarifies that exceptional circumstances do not include delays caused by a predictable workload of requests, unless the agency can show that it has made reasonable progress in reducing its backlog of pending requests. *Id.* § 552(a)(6)(C)(ii). The court stated that the Defendants were not diligent in processing Plaintiff's FOIA requests timely. *Id*. at *3

17. The U.S. District Court for the Southern District of Florida recently reaffirmed in *Korf v. United States Dep't of State*, 25-CV-20830-MOORE/Elfenbein, 2025 U.S. Dist. LEXIS 151956 *; 2025 LX 384036; 2025 WL 2256143, that under

FOIA, when an agency fails to make a timely determination on a request within twenty working days, or thirty working days in cases involving unusual circumstances, the requester is entitled to file suit to compel compliance with the statute. *See Villanueva v. United States Dep't of Justice*, No. 19-CV-23452, 2021 U.S. Dist. LEXIS 237920, at *3, 2021 WL 5882995 (S.D. Fla. Dec. 13, 2021) (quoting *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 244 (D.D.C. 2017) (quoting 5 U.S.C. § 552(a)(6)(C)) (internal quotation marks omitted)). In such circumstances, district courts possess jurisdiction to enjoin an agency from withholding records and to order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

18. The FOIA statute requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "in other cases determined by the agency." *Id.* § 552(a)(6)(E)(i). FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II).

19. Under DHS's FOIA regulations, there is an "urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information" or if the activity concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public

confidence." 6 C.F.R. § 5.5(e)(1)(ii) & (iv).

20. Agencies are required to make a determination of whether to provide expedited processing for a request within ten calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DHS regulations contain the same requirement. *See* 6 C.F.R. § 5.5(e)(4).

21. An agency's denial or failure to respond within ten calendar days to a request for expedited processing of a FOIA request is subject to judicial review without the need for administrative exhaustion. 5 U.S.C. § 552(a)(6)(E)(iii).

## STATEMENT OF THE FACTS

22. On July 17, 2025 OCJ filed a FOIA request for Mr. Calderon OBIM records. *See* Exhibit 1 OBIM FOIA filing.

23. Mr. Calderon lived in the U.S. for over 20 years. He arrived as a minor on or about 2001. He is married to a U.S. Citizen. She filed a Petition for Alien Relative for him, which has been approved.

24. After the petition approval, Mr. Calderon filed for Form I-601A Waiver of Grounds of Inadmissibility, which was also approved. He left for Mexico to attend his immigrant visa interview on June 10, 2025 at the U.S. Consulate in Ciudad Juarez, Mexico.

25. At the interview Mr. Calderon was informed that his visa would be refused because he had an expedite removal order. Mr. Calderon is currently in Mexico away from his family since June 2025.

26. OCJ submitted a FOIA request to U.S. Citizenship and Immigration Services (USCIS) requesting Mr. Calderon's complete A file. The result did not contain evidence of any removal orders.

27. The U.S. Consulate in Ciudad Juarez declined to disclose any information regarding the alleged expedite removal order. Mr. Calderon has no recollection of having received an expedited removal order.

28. In its FOIA request, OCJ sought biometrics record from encounter dates and locations on April 2001 and/or all of 2001 in Texas, which are the dates of the expedited removal order alleged by the Department of States in their visa refusal decision.

29. On August 25 2025, OCJ submitted an email to the OBIM asking for an update. *See* Exhibit 2 Email to OBIM.

30. On August 26 2025 OCJ requested expedition because there is a "compelling need." OCJ submitted an expedite request though the SecureRelease Portal explaining that Mr. Calderon was outside of the U.S. and that it was an urgent matter. *See* Exhibit 3 Expedite Request.

31. OBIM replied on August 27, 2025 that the request was in queue for initial determination.

32. To date, OBIM has not acknowledged and/or issued a determination on OCJ's request for expedited processing.

33. To date, OBIM has failed to produce any documents or information in response to OCJ's FOIA request, in violation of Freedom of Information Act.

## CAUSES OF ACTION
### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552(a)(3)(A)

### UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY OBIM

34. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff has a legal right under FOIA to obtain the records and information it seeks, and no legal basis exists for Defendant's failure to search for and disclose them.

36. Because OBIM has failed to comply with FOIA's time limits, OCJ has constructively exhausted all applicable administrative remedies.

37. Defendant's failure to conduct a reasonable search for and disclose records responsive to OCJ's request violates 5 U.S.C. § 552(a)(3) and corresponding DHS regulations.

### COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(E)(iii)

### IMPROPER DENIAL OF PLAINTIFF'S REQUEST FOR EXPEDITED PROCESSING

38. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

39. Plaintiff properly sought expedited processing of its FOIA appeal,

demonstrating a compelling need as articulated in its request to the OBIM. 5 U.S.C. § 552(a)(6)(E)(I).

40. Defendant constructively denied Plaintiff's request for expedited processing by failing to make a determination of whether to provide expedited processing within 10 days as required by 5 U.S.C. § 552(a)(6)(E)(ii).

41. Defendant has violated Plaintiff's right to expedited processing under 5 U.S.C. § 552(a)(6)(E) and Defendant's own regulations, 6 C.F.R. § 5.5(e)(3).

42. Plaintiff is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested information.

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(A)

### FAILURE TO RESPOND WITHIN THE STATUTORY TIME PERIOD

43. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

44. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its July 17, 2025, FOIA request.

45. No legal basis exists for OBIM's failure to adequately and timely search for and release responsive agency records in compliance with FOIA's time limits.

46. OBIM had, under 5 U.S.C. § 552(a)(6), 20 working days (or 30 working days

under unusual circumstances) from the date of receipt of OCJ's FOIA appeal to make a determination on the request.

47. That time has since expired.

48. To date, Defendant has not produced the requested records.

49. Defendant's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6)(A) and corresponding DHS regulations.

## COUNT IV

## VIOLATION OF THE FREEDOM OF INFORMATION ACT 5 U.S.C. § 552

## FAILURE TO CONDUCT AN ADEQUATE SEARCH

50. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

51. Defendants have violated their obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    A.    Declare that Defendant's failure to adequately respond to Plaintiff's FOIA request, its failure to respond to Plaintiff's FOIA request within the statutory time limits, its failure to grant expedited processing, and its improper withholding of responsive records violate FOIA;

    B.    Enjoin Defendant from withholding the information requested

by Plaintiff in its FOIA request;

    C.    Declare that Plaintiff is entitled to expedited processing of its FOIA request and appeal pursuant to 5 U.S.C. § 552(a)(6)(E);

    D.    Order Defendant to immediately search for and make the requested records available to Plaintiff;

    E.    Order Defendant to waive all fees associated with Plaintiff's FOIA request;

    F.    Award Plaintiff its costs and reasonable attorneys' fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E) and any other applicable statute; and

    G.    Grant such other and further relief as the Court may deem just and proper.

Dated: January 6, 2026                      Respectfully submitted,

/s/ Vanessa McCarthy
Vanessa McCarthy, Esq.
FL Bar 109072
mccarthy@orlandjustice.org

/s/ Gisselle Martinez
Gisselle Martinez, Esq.
FL Bar 107012
martinez@orlandojustice.org

ORLANDO CENTER FOR JUSTICE
1300 N. Semoran Suite 120
Orlando, FL 32807
*Attorneys for Plaintiff*